## SUPREME COURT.

ELIZABETH FOX, respondent agt. OLIVER NELLIS, appellant.

The plaintiff recovered a judgment in a *justice's court,* for $159.50 damages, and $2.80 costs; the defendant *appealed* to the county court, under § 371 of the Code, and specified in his notice of appeal, as one of the particulars for a more favorable judgment to him, that *" the judgment at most should not have been for more than five dollars;"* the plaintiff served no written offer to allow the judgment to be thus corrected, and on a new trial in the county court, the plaintiff recovered judgment for $130,

*Held,* that the defendant *was entitled to costs.*

*Schenectady Special Term, March,* 1863.

THIS action was commenced in a justice's court. The plaintiff recovered a judgment of $159.50 damages, and $2.80 costs. The defendant appealed from this judgment, to the county court of Montgomery county, under the provisions of section 371 of the Code, as amended in 1862, and specified, as therein required, five several particulars,

Fox agt. Nellis.

in each of which he claimed that judgment should have been more favorable to him. All of said objections, except the fourth, related to the justice's decisions on the trial, and these could be corrected in no way but by abandoning the judgment. The fourth particular was in the following words : " The judgment at most should not have been for more than five dollars." No objection was raised that the notice was not duly served. The respondent served no written notice on his part, within fifteen days after the notice of an appeal, of an offer to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal. The judgment in the county court, on a new trial, was in favor of the respondent for $130. The plaintiff then offered his bill of costs on the new trial, to the clerk for adjustment, on notice, and objection being made, the clerk declined to adjust the costs on the ground that the respondent was not entitled to costs on the new trial. An appeal was taken to the county court, from the decision of the clerk, and the county judge by an order affirmed the action of the clerk; from which an appeal is taken to this court.

D. S. Morrel, *for respondent,· plaintiff*.
J. D. Wendell, *for appellant, defendant*.

Potter, Justice. The provisions of section 371 of the Code, as amended in 1862, introduced an entirely new practice in regard to new trials allowed on appeals from justices' courts to the county court. I am not aware that the section in question, in this respect, has had elsewhere judicial construction. By the provisions of this section, the party applying for a new trial is called upon to inform his adversary of the *particular* or particulars in which he claims that the judgment should have been more favorable to him. This provision would appear to be a reasonable and wise enactment. It seems to have been

introduced for the purpose of putting a check to further litigation between the parties, after one trial. The parties themselves are supposed best to know whether the trial was fair, and has resulted in a just and equitable judgment ; and it allows each, then, to become an actor for the correction of errors, at his own peril of future expense in case of further controversy. The prevailing party, after having seen and heard the complaint of the other, is then allowed fifteen days to consider, and within which to determine the future hazards of litigation, and to say whether he will allow the judgment to be corrected in any of the particulars of which his adversary complains ; and if so, how much, or to what extent; his conscience, his judgment and his discretion are all called into exercise upon the question of his interest. He is not bound, as a matter of course, to make any such offer of corrections; he has a right to hold on, but at his risk and peril. If, however, he fails to make the offer of corrections ; and if, upon a new trial, the appellant obtains a judgment more favorable to himself than the judgment in the court below, the appellant recovers costs of the trial against him; and of course his own costs in such an event are to be borne by himself. This being the penalty, it was doubtless supposed that it would have the effect to keep the successful party from holding on to an unconscientious judgment, or carefully to consider whether, upon a fair or fuller development of facts, or just trial upon the true merits, a judgment might not be obtained less favorable to him than the first. This seems to be the spirit and intent of this section, as applicable to all cases.

In the case before us, four of the defendant's particulars of complaint, served upon the plaintiff, were of such a character that the respondent could not correct them by any offer that he could make, except to vacate the judgment entirely. The first of these complaints will

serve to characterize the others, to wit: "The justice erred in refusing to call up said suit after one hour beyond the hour named in the summons," &c. There was no practical method of correcting this particular by the plaintiff, if true. The fourth complaint of the appellant is the only one that the plaintiff could have offered to correct, without discontinuing or vacating his judgment altogether; and it is upon this that the question to be decided arises. This, as we have stated, is, "that the judgment at most should not have been over five dollars." The plaintiff supposes and insists, that to have "corrected the judgment in this particular of the complaint," required him, in the spirit and letter of that section, to have accepted the five dollars mentioned in that fourth particular, and thus to sacrifice $125, which the subsequent trial showed him entitled to, and that this was the only way he could have corrected it. In this view, he could not have corrected it. I am not able to adopt this construction, or to regard that as the true meaning and intent of the provision. Though the appellant did not set forth his complaint very perspicuously, yet I think it is sufficiently plain, and that from the spirit of this complaint it is quite clear that he means by the language employed, that the judgment was for too much. Suppose the defendant had said in different language, omitting the specific sum named, "that the judgment was for too large a sum," would not such a statement have been within the very idea expressed by the language of the section? Would not saying it is too large, have been "stating in what *particular*" the judgment should be more favorable to him? Would not that suggest, that in this particular it should be corrected? This particular, in the notice of appeal, should have been expressed, and is required to be expressed, in language adequate and appropriate to convey that idea. I think it was; saying "it should not have been for more than five dollars," was

saying it was too much.   It could never have been in-
tended that a specific sum should be named in this par-
ticular of the complaint; the section does not demand it.
If named, it is surplusage and unnecessary.   When this
particular has been sufficiently noted, to wit: that the
judgment is for too large an amount, the prevailing party
is put to the responsibility of saying how much he will
reduce it; not the appellant to say how much he de-
mands to have it reduced.

It requires more than human wisdom to say in advance
what will be the result of a verdict of a jury in a case
where there is to be conflicting evidence.   A party should
hardly be held responsible, or subjected to costs, for
hazarding an opinion in such a case; but such is the
statute.   This naming the sum by the appellant, therefore,
is immaterial.   If, in a reasonably fair expression of the
cause of his complaint, the appellant notes in effect that
the judgment is too much, it must be at the peril of the
respondent to the consequences and penalties of that sec-
tion, if he does not offer to correct his judgment in that
particular, so as to protect him from costs.   I think the
fourth complaint of the defendant sufficiently expressed
the idea that the plaintiff's judgment was too large, and
that the statute did not require of the plaintiff to adopt
the sum named as a necessary correction.   The order of
the county judge was therefore right, and is affirmed.*

---

* Note.—It would seem that, by the practical operation of section 371 of the
Code as amended in 1862, it virtually allows *four* reviews of a justice's judgment,
instead of three, as heretofore; thereby having a tendency to *increase* rather than
diminish litigation in actions brought in justices' courts.   Thus, *First:* The plain-
tiff brings his action for a just claim before a justice of the peace, where it is tried
and judgment rendered in his favor.   *Second:* The Code then allows what is equiv-
alent to a *statute certiorari,* to bring up the evidence and judgment of the
justice, *before the defendant,* for review, upon *particulars* to be made out by the
defendant, and served on the plaintiff, by which the defendant decides that the jus-
tice's judgment is erroneous, and that the plaintiff is entitled to recover only a cer-
tain sum (say one twenty-fifth part) less than the judgment of the justice.   The
plaintiff "don't see it," and is unwilling to give a written offer to accept the amount
of the latter judgment, preferring, perhaps, to take the chances of the decision of

---

what he considers an impartial court, thereupon. *Third:* An appeal is allowed from the decision of the defendant to the county court, where a new trial is had, and the plaintiff recovers judgment against the defendant for a sum twenty-five times larger than the amount of the defendant's judgment, but *three cents less* than the amount of the judgment of the justice: Whereupon, the Code directs that the defendant recover *all the costs* incurred in the litigation, by reason of the plaintiff's action to recover of the defendant his just claim, which the defendant, on demand before suit brought, refused to pay. *Fourth:* An appeal from the judgment of the county court to the supreme court. This appears to be taking the left-hand road to find the residence of *justice.*—REP.