## BUFFALO SUPERIOR COURT.

### IRA BARNARD agt. FRANCIS PIERCE, and others.

A *notice of appeal* from a judgment of a justice of the peace, under section 371 of the Code, which states that "*the judgment is for too much,*" is not a compliance with the provisions of this section so as to allow *costs* to the appellant on his recovery of a more favorable judgment in the appellate court.

If the respondent should offer to allow the judgment to be corrected in this particular, and the appellant should accept the offer, the justice could not make any correction of the judgment. (*The cases of Fox* agt. *Nellis,* 25 *How. Pr. R.* 144; *Wynkoop* agt. *Holbert, Id.* 158; *and Forsyth* agt. *Ferguson,* 27 *Id.* 67, *considered.*)

*December General Term,* 1864.
*Before* VERPLANCK, MASTEN *and* CLINTON, *Justices.*

APPEAL by plaintiff from the taxation of costs on a judgment at special term, rendered on appeal from a judgment of a justice of the peace.

R. SAUNDERS, *for plaintiff.*
HUMPHREY & PARSONS, *for defendants.*

By the court, MASTEN, J. The plaintiff recovered in a court held by a justice of the peace $62.25 damages, and for which judgment was entered with costs. The defendants appealed. In the appellate court the plaintiff recovered $62 damages. The clerk taxed costs in favor of the plaintiff. The special term set aside that taxation, and ordered the clerk to tax costs in favor of the defendants. From this order the plaintiff appealed.

The question is, which party is under the statute entitled

to costs on appeal from the justice's court ? The recovery
in the appellate court was more favorable to the appellants
than was that in the court below. The question of costs
before us turns upon the notice of appeal. The statute is,
" in the notice of appeal the appellant shall state in what
particular or particulars he claims the judgment should have
been more favorable to him. Within fifteen days after the
service of the notice of appeal the respondent may serve
upon the appellant and justice an offer in writing to allow the
judgment to be corrected in any of the particulars men-
tioned in the notice of appeal. The appellant may, there-
upon, and within four days thereafter, file with the justice
a written acceptance of such offer, who shall thereupon
make a minute thereof in the docket, and correct such
judgment accordingly."

The language of the statute is clear and perspicuous.
I am unable to see how there can be any doubt as to the
intent of the legislature. Indeed, I find it difficult to point
out the intent more clearly than the statute expresses it.
And yet it seems to be necessary to make the attempt. For
we are referred to three reported decisions giving con-
struction to the statute, and they do not harmonize. One
of them, *Fox* agt. *Nellis* (25 *How. Pr. R.* 144), sustains the
decision of the special term. The special term probably
put its decision upon its authority. A party appeals be-
cause he thinks himself aggrieved. This statute requires
him in his notice of appeal to specify with particularity
in what he feels himself aggrieved, so that the respondent
may consider upon his judgment and conscience the speci-
fications, and stop the litigation by allowing the judgment
to be corrected according to all of the specifications, or
such of them in respect to which he thinks the judgment
in the appellate court may be more favorable to the appel-
lant than the judgment in the court below.

" In the notice of appeal, the appellant shall state in
what particular or particulars he claims the judgment

should have been more favorable to him." That is, he is not to generalize, but is to particularize, to specify minutely and in detail in what the judgment should have been more favorable to him. These statements or specifications must be made separately and with such precision that the justice, if the respondent shall allow any of them, can correct the judgment from the statement or specification in the notice of appeal. " Within fifteen days after the service of the notice of the appeal, the respondent may serve upon the appellant and justice an offer in writing to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal." All the respondent can do is to offer to allow the judgment to be corrected according to the specifications in the notice of appeal, or any one or more of them, to be designated in the offer. If he should make an offer to allow the judgment to be corrected different from the statement or claim in the notice of appeal, the offer would be nugatory. Under this statute the appellant is the actor, the respondent the person acted upon.

The statement in the notice of appeal in the case is: " The judgment is for too much." This plainly is not a compliance with the provisions of the statute under consideration. If the respondent had served an offer and followed the language of the statute, it would have been: "I offer to allow the judgment to be corrected in the particular mentioned in the notice of appeal." The acceptance of the appellant would have been : " I accept the offer of the respondent." Upon these papers and the notice of appeal the justice could not make any correction of the judgment. The exposition which I have given of this provision of the statute has been expressed in the opinion delivered in two cases in the supreme court. (*Wynkoop* agt. *Holbert*, 25 *How. Pr. R.* 158 ; *Forsyth* agt. *Ferguson*, 27 *How. Pr. R.* 67.) The question before us was not directly up in either of those cases.

In *Wynkoop* agt. *Holbert*, the plaintiff recovered $140

damages in the justice's court. The defendant appealed. In the appellate court the plaintiff recovered $68.59 damages. The statement in the notice of appeal, upon which the question of costs turned, was : " The judgment should have been in his (the appellant's) favor, for no cause of action and for costs." That statement was specific enough, but was not within the provision under consideration. If the judgment of the appellate court had been for the defendant, the question of costs would have been determined by the first clause of the 371st section of the Code. It is : " Costs shall be allowed the prevailing party in judgments rendered on appeal in all cases, with the following exceptions and limitations." Then follows the provisions above quoted. The provision under consideration applies to those statements in the notice of appeal wherein the appellant concedes that the judgment appealed from is in some respects correct, but claims that in some particular or particulars the judgment should have been more favorable to him than it is. Under it the judgment is not to be reversed but corrected, and is to stand as corrected. The court very properly awarded costs to the plaintiff.

. In *Forsyth* agt. *Ferguson,* the plaintiff recovered $60 damages in the court before the justice of the peace. The defendant appealed. In the appellate court the plaintiff recovered $55 damages. The statement in the notice of appeal was : " The justice adopted an improper rule of damages ; the damages should be merely nominal under the evidence, *if the plaintiff is entitled to any damages.* The judgment should have been for the defendant and against the plaintiff." The court held these not to be sufficient statements within the statute. The learned judge who delivered the opinion of the court, after giving a clear exposition of the act said : " The statement does not indicate an intention to allow the judgment to stand for even nominal damages.    *    *    *    But from the notice taken together, the import of the statement is that the

judgment is wholly erroneous.   To conform to this section of the statute, it should be claimed unqualifiedly that the judgment should be reduced to some certain amount, or corrected in some other respects specified in the notice." * * * The justice has no power under the section to reverse the judgment or enter one in favor of the appellant, but merely to amend that already rendered.   In *Fox* agt. *Nellis*, the plaintiff recovered $159.50 damages before the justice's court.   The defendant appealed.   In the appellato court the plaintiff recovered $130 damages.   The statement in the notice of appeal was : " The judgment at most should not have been for more than five dollars."   The supreme court held the notice sufficient under the provision of the statute under consideration, and awarded costs to the defendant.   The learned judge who delivered the opinion, places the decision upon the ground that the statement in the notice of appeal is equivalent to saying, " that the judgment was for too large a sum," and then proceeds to argue that such a statement is sufficient.   I think the learned judge in his argument, and in the ground upon which he placed his decision, misconceived the provisions of the statute.   He seemed to think that this provision of the statute made the respondent the actor instead of the appellant.   That the appellant might generalize, but that the respondent must particularize.   But I think the decision in that case, that the defendant was entitled to costs, was correct.   I think that the statement in the notice of appeal was more specific than the learned judge seems to have allowed.   I think it was equivalent to saying that the judgment should have been for five dollars only.   If so, it was sufficient ; had the respondent served an offer to allow the judgment to be corrected accordingly, the justice would have had no difficulty in making the correction.   But the respondent did not make an offer to allow the judgment to be corrected.   The plaintiff recovered less in the appellate court than in the court below, and the statute plainly pro-

Barnard agt. Pierce.

vides for such case in the first clause of the following sentence : " If such offer be not made, and the judgment in the county court be *made* favorable to the appellant, *then* the judgment in the court below, or if such offer be made and not accepted, and the judgment be more favorable to the appellant than the offer of the respondent, the appellant shall·recover costs." The words "*made*" and "*then*," are doubtless clerical errors. The word "made" should be " more," the word "then" should be " than." °

The second clause of the above quoted sentence embraces those cases where the appellant states several particulars in his notice of appeal, in which he claims the judgment should have been more favorable to him, and the offer of the respondent is to allow the judgment to be corrected in respect to some but not all of them. It seems to me that it would be more consistent with the general object of the act, if the above quoted sentence read : " If such offer be not made, and the judgment in the appellate court shall in any particular stated in the notice of appeal be as favorable to the appellant as he claimed in such notice it should have been, or if such offer be made and not accepted, and the judgment be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs." °

*Fox* agt. *Nellis,* shows that the appellant may, in his notice of appeal, state a particular in which the judgment should have been more favorable to him, which the respondent could not and should not allow, and by which the costs of the appeal as the statute now is are put upon the respondent if the recovery in the appellate court is but a trifle more favorable to the appellant than it was in the court below.

The plaintiff in the case before us is entitled to costs on the appeal. The order of the special term should be reversed.