## WYNKOOP and others *vs.* HALBUT.

The plaintiffs recovered a judgment in a justice's court for $140, damages and costs. The defendant appealed to the county court, stating in his notice of appeal, as required by § 371 of the code of procedure, as amended in 1862, the particulars in which he claimed that the judgment should have been more favorable to him, viz. that it should have been in his favor for no cause of action, and for costs. No offer was made by the respondent, to allow the judgment to be corrected, in any of the particulars mentioned in the notice of appeal. The action was again tried in the county court, and the plaintiffs recovered a verdict for $58. *Held* that the appellant was not entitled to costs on the appeal, but that the respondents were.

THIS suit was commenced in a justice's court, to recover damages for injuries alleged to have been done by the defendant to the plaintiffs' colt, by misfeasance in driving him into the defendant's yard, and by carelessness, &c. It resulted in a judgment for the plaintiffs for $140 damages and costs. The defendant appealed to the county court, where the suit was again tried and resulted in a verdict for the plaintiffs for $58. The following are the specifications in the defendant's notice of appeal:

1st. That the facts proved on the trial do not show a cause of action in favor of the plaintiffs against the defendant.

2d. That there is no liability shown on the part of the defendant to pay for the colt.

3d. The defendant claims that said judgment should have been more favorable to him in this particular, viz. that it should have been in his favor for no cause of action, and for costs.

Upon these facts the clerk of Chemung county refused to tax the costs of the appeal in the plaintiffs' favor, but taxed them, under § 371 of the code, in favor of the defendant. This taxation was set aside by Justice Campbell on a motion made at a special term, and the clerk was ordered to tax the costs of the appeal to the plaintiffs. From that order the defendant brought this appeal.

*Smith & Spaulding,* for the defendant.

*Smith, Robertson & Fassett,* for the plaintiffs.

*By the Court,* MASON, J. This amendment of 1862, of § 371 of the code, has introduced an entirely new practice in regard to appeals from justices' judgments to the county court. It declares that in the notice of appeal the appellant shall state in what particulars he claims the judgment should have been more favorable to him. And that within fifteen days after service of the notice of appeal the respondent may serve upon the appellant and justice an offer, in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal. Then the section declares that the appellant may file an acceptance of this offer within five days, and that the justice shall then correct the judgment accordingly, &c.

It then declares that if such offer be not made, and the judgment in the county court be made more favorable to the appellant than the judgment in the court below, or if such offer be made and not accepted, and the judgment be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs. The statute further declares that the respondent shall be entitled to recover costs where the appellant is not.

It cannot be denied that, construing this statute according to its strict letter, this appellant is entitled to costs on the appeal; for he certainly had specified in his notice of appeal in what particular he claimed the judgment should have been more favorable to him. No offer was made by the respondent, and the judgment in the county court was made more favorable to the appellant.

The maxim "*Quæ haerit in litera haerit in cortice*" has admonished courts to look beyond the mere letter of a statute, for as it is the duty of courts to execute all laws according to their true meaning, *that intent,* when collected from the

whole and every part of the statute taken together, must pre-vail even over the literal sense of the terms, and control the strict letter of the law, when the letter would lead to palpa-ble injustice and absurdity. (1 *Kent's Com.* 462. *Smith on Statutes, p.* 662, § 515. 24 *Pick.* 870.) The sound rule on this subject is, that whenever the intention of the makers of a statute can be ascertained it ought to be followed, although such construction seems contrary to the letter of the statute; for the reason that "a thing that is within the letter of a statute, is not within the statute, unless it be also within the intention of the law makers." (15 *John.* 380. 2 *Burr.* 786. 4 *Gill & John.* 6. 3 *B. & A.* 266. 4 *id.* 212. 3 *Conn. Rep.* 85. 2 *Cranch,* 399. *Smith on Stat-utes,* 820.)

Applying these familiar principles and rules to the con-struction of this 371st section, there can not, it seems to me, be any doubt but that the judge at special term was right in holding that the appellant was not, but that the respondent was, entitled to costs on the appeal.

This amendment was undoubtedly introduced for the purpose of putting a check to further litigation between the parties after one trial. (*Fox* v. *Nellis,* 25 *How. Pr. Rep.* 144.) And I fully agree with the clear and explicit design and object of this statute as stated in the opinion of Justice Potter in *Fox* v. *Nellis, (supra.)* He says: "The parties themselves are supposed best to know whether the trial was fair, and has resulted in a just and equitable judgment; and it allows each, then, to become an actor for the correction of errors at his own peril of future expense in case of future controversy. The prevailing party, after having seen and heard the complaint of the other, is then allowed fifteen days to consider, and within which to determine the future hazards of litigation, and to say whether he will allow the judgment to be corrected in any of the particulars in which his adver-sary complains; and if so, how much and to what extent his conscience, his judgment and his discretion are all called

into exercise upon the question of his interest. He is not bound, as a matter of course, to make any such offer of corrections; he has a right to hold on, but at his own risk and peril. If, however, he fails to make the offer of corrections; and if, upon a new trial, the appellant obtains a judgment more favorable to himself than the judgment in the court below, the appellant recovers costs of the trial against him, and of course his own costs in such an event are to be borne by himself. This being the penalty, it was doubtless supposed that it would have the effect to keep the successful party from holding on to an unconscientious judgment, or carefully to consider whether, upon a fair or fuller developement of facts, or just trial upon the merits, a judgment might not be obtained, less favorable to him than the first. This seems to be the spirit and intent of this section as applicable to all cases." And he held, further, that the respondent was not required to make an offer which required him to abandon his judgment altogether when he was entitled to it, but for a lesser amount. Now it should be borne in mind that the respondent is restricted in his right to make the offer to allow the judgment to be corrected to the very particulars mentioned, in the notice of appeal. He could not, therefore, in the case at bar, make an offer to reduce this judgment if he had desired to do so. The only offer he could make was to have it reversed and vacated altogether. This the defendant had no right to ask, and the plaintiff was under no obligation to grant it. (25 *How.* 145.) It is simply absurd to hold that the legislature meant to compel a plaintiff to give up his judgment altogether, which he was justly entitled to, simply because the jury had given him a few dollars too much, or else pay a bill of costs on the appeal, in many cases larger than the judgment itself. Such injustice never could have been intended by the framers of the statute. The defendant had a right to put the respondent in the position that would have compelled him to assume the responsibility of making an offer to

reduce the judgment to an amount which was just, and which he *could* sustain in the appellate court; and I agree with Justice Potter in *Fox* v. *Nellis,* that where the defendant in his notice of appeal states that the verdict or judgment is for too large an amount, the respondent has the responsibility cast upon him of offering to reduce it or be subject to costs; and he must say how much, and fix a sum he can sustain on the appeal. As there was no notice of the kind in this case, the plaintiffs could not, if they would, serve an offer to reduce it; and when they could not do so, no law should punish them for not doing it. The order appealed from should be affirmed, with $10 costs.

[BROOME GENERAL TERM, January 24, 1865. *Campbell, Balcom, Parker* and *Mason,* Justices.]