## SUPREME COURT.

LYMAN B. LOOMIS AND WILLIAM M. LOOMIS agt. MALCOLM G. HIGBIE.

A statement in a *notice of appeal* from a judgment o a justice's court, "That the judgment should have been in favor of the defendant and against the plaintiff for costs," is not sufficient to entitle the appellant to costs in case of the recovery of a more favorable judgment by him in the county court.

But a statement, "That the judgment should have been for a less amount of damages against the defendant," is sufficient to carry costs in favor of the appellant on the recovery of a more favorable judgment in the county court than that rendered by the justice.

*Broome General Term.     Argued May,* 1865.     *Decided July,* 1865.

*Present* PARKER, MASON *and* BALCOM, *Justices.*

THE plaintiffs recovered a judgment in a justice's court against the defendant for $150 damages, besides costs. The defendant appealed from the judgment to the Otsego county court, upon the following grounds set out in his notice of appeal, namely : "He demands that a new trial be had in said county court, and claims that the judgment should have been more favorable to the defendant in the following particulars, to wit : "First. The judgment should have been in favor of the defendant and against the plaintiffs for costs. Second. The judgment should have been for a less amount of damages against the defendant."

There was a new trial in the county court on which the jury rendered a verdict in favor of the plaintiffs for $50 damages. Each party applied to the clerk to adjust his costs, and each party claimed judgment for costs upon the verdict in the county court. The clerk decided that the plaintiffs were entitled to costs, and adjusted their costs, and refused to adjust the defendant's costs. The defendant made a motion before the county court to set aside the adjustment of the plaintiffs' costs, and the judgment therefor, and for an order that the clerk adjust the defendant's costs, and enter judgment in his favor therefor. The county court made an order denying the motion, without costs to either party. The defendant appealed from the order to this court.

E. COUNTRYMAN, *for plaintiffs.*
J. A. LYNES, *for defendant.*

By the court, BALCOM, J. According to section 371 of the Code, when a party appeals from the judgment of a justice of the peace to the county court, he must state in his notice of appeal "in what particular or particulars he claims the judgment should have been more favorable to him," to authorize the respondent to serve upon him and

the justice " an offer in writing to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal."

As no offer of the respondent was served in this case, and the judgment of the justice in his favor was $100 more than the verdict of the jury in the county court, the only question to be determined is whether the appellant stated in his notice of appeal to the county court " in what particular or particuluars," he claimed the judgment should have been more favorable to him. If he did, he was entitled to recover costs in the county court, otherwise not (*Laws of* 1864, *p.* 998, § 2).

The appellant claimed in his notice of appeal, 1st. That " the judgment should have been in his favor and against the plaintiff for costs." 2d. That " the judgment should have been for a less amount of damages against the defendant." His counsel now insists that this statement showed " in what particular or particulars," the appellant claimed the judgment should have been more favorable to him. The first clause in the statement, to wit, that " the judgment should have been in favor of the defendant, and against the plaintiff for costs," was not in my opinion, a statement of a particular, as to which it can be said the appellant claimed the judgment should have been " more favorable " to him. A holding that it was such a statement, would not give the words " more favorable," that significance to which they are entitled in the connection they are used. A claim that the judgment against a party should have been " more favorable " to him, is not one that no judgment whatever should have been rendered against him, and that a judgment in the action should have been rendered against his adversary, for that is a claim that the judgment was entirely erroneous. A claim that " the judgment" should have been " more favorable " to the appellant, is, if it be in his favor, that it should have been larger, or if it be against him, that it should have been for

a less sum, or not so onerous upon him in some other respect.

It will be observed that the Code requires the claim of the appellant must be that *the* judgment appealed from, not *a* judgment, should have been more favorable to him. It must, therefore, be held that the first clause in the appellant's statement was insufficient to put the respondent to his election whether he would or would not serve an offer to allow " the judgment " to be corrected in any particular. He could not under that clause, have served an offer to allow " the judgment to be corrected." A compliance with that clause would have required the respondent to offer to allow the justice to *set aside or reverse* "the judgment," and render one against him for costs, when the only authority conferred on the justice upon the filing of an accepted offer, is to " correct such judgment accordingly." He cannot render an entirely new judgment the other way. Hence, if that clause were the only statement in the notice of appeal, the respondent could not have served any offer to allow " the judgment to be corrected," and nothing short of a judgment entirely in favor of the appellant in the county court, would have entitled him to costs in that court. And a judgment in favor of the respondent in that court for a less amount than that rendered by the court below, would not have deprived him of costs. (*See* § 371 *of the Code as amended in* 1864.) These views are sustained by the decisions in *Wynkoop* agt. *Holbert* (25 *How. Pr. Rep.* 158), and *Forsyth* agt. *Ferguson* (27 *Id.* 67).

But I am constrained to hold, contrary to my first impressions, that the second clause in the notice of appeal, that " the judgment should have been for a less amount of damages against the defendant," is a statement of a " particular," as to which " the judgment should have been more favorable to him." This clause was not as " particular " as it would have been if the precise sum had been

stated for which the appellant claimed the judgment should have been less in amount. But it was nevertheless a "particular," and I think it must be held to be a "particular," within the meaning of the section of the Code under consideration, or, as we shall presently see, a just and proper construction cannot be put upon the fourth paragraph in such section, respecting the effect of an omission to make the offer provided for in the third paragraph of that section. According to the third paragraph, the respondent, within fifteen days after the service of the notice of appeal, may serve upon the appellant and justice " an offer in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal." He is not required to make his offer to allow the judgment to be corrected, to the same extent and no more, it is claimed in the notice of appeal the same should have been more favorable to the appellant, but only "in" one or more of the particulars mentioned in such notice. For this is all the Code exacts of him.

If the action before the justice be founded upon two claims, one on account and the other a note, or one for the conversion of a horse, and the other for the conversion of a cow, and the plaintiff recovers for both, and the defendant appeals, and in his notice of appeal states he claims that the judgment should have been more favorable to him for the reason that the plaintiff recovered too much, or should not have recovered anything on the account or for the horse, it is proper for the respondent to offer to allow the judgment to be corrected *in* the particular respecting the account or horse, by reducing it a certain sum, or to an amount stated in his offer. For that would be offering to allow the judgment to be corrected *in* one " of the particulars mentioned in the notice of appeal." Again, suppose the plaintiff recovers only on the note, or for the conversion of the cow, and he appeals to the county court, and in his notice of appeal states that he claims the judg-

ment should have been more favorable to him, in that he should have recovered upon the account, or for the conversion of the horse, when he only recovered on the note, or for the conversion of the cow, I think the respondent could offer to allow the judgment to be corrected by being increased the amount of the account, or the value of the horse, and interest thereon. For that would be offering to allow it to be corrected *in* a particular mentioned in the notice of appeal.

I am unable to see why the respondent in this case could not within fifteen days after the service of the notice of appeal, have served upon the appellant and justice, an offer in writing to allow the judgment in the particular respecting the damages, to be corrected by reducing the same to $50, or to any other sum specified in such offer. It seems to me such an offer would have been one to allow the judgment to be corrected "in" a "particular mentioned in the notice of appeal." I think if the respondent had made such an offer, the appellant would have been obliged to accept it, or decline it at his peril. If the respondent cannot make his offer to allow the judgment to be corrected in any particular complained of in the notice of appeal, in his own terms, and to the extent he may deem prudent or just, it is within the power of the appellant so to draw his notice of appeal as to compel the respondent, if he be the plaintiff, to discontinue his action, or run more hazards of becoming liable to pay costs in the county court than his adversary.

To illustrate : suppose the appellant in this case had stated in his notice of appeal that he claimed the judgment (which was for $150 damages) was for $149 too much, or that it should have been for $149 less damages, the respondent, in justice to himself, could not have served an offer to allow the judgment to be corrected by reducing it $149, or to $1, as he must have done according to the decision of the Buffalo superior court in *Barnard* agt. *Pierce* (28

*How. Pr. Rep.* 232), or have been liable to pay the costs in the county court, as a penalty for not serving such an offer, because he only recovered $50 damages in that court. For, according to that decision, the only offer the respondent could have made to such a claim in the notice of appeal, was that he accepted it, &c.; and by the fourth paragraph of the section of the Code referred to, "If such offer *be not made,* and the judgment in the appellate court be more favorable to the appellant than the judgment in the court below, the appellant shall recover costs." In that view of the case, the respondent would have been obliged to give up $149 out of $150 of his judgment, or have been compelled to pay costs in the county court, though the judgment in that court had been only a single cent more favorable to the appellant than it was before the justice.

If the respondent be permitted to make his own offer, in his own terms, and to the extent he may deem prudent or proper, to allow the judgment appealed from to be corrected "in any of the particulars mentioned in the notice of appeal," and the appellant does not accept such offer, the latter must pay costs, unless the judgment of the appellate court be "more favorable" to him than such offer.

By construing section 371 of the Code in the manner it has been construed in *Barnard* agt. *Pierce* (*supra*), and according to some of the reasoning in the other cases above cited, all a defendant who has been beaten in a justice's court need do is to appeal, and state in his notice of appeal that the judgment of the justice should have been more favorable to him on the question of damages, and that he claims it should have been against him for only *six cents,* instead of the sum for which it was rendered; and then, as the respondent cannot offer to allow the judgment to be reduced to *six cents* without virtually giving away his cause of action, and cannot, according to *Barnard* agt. *Pierce,* and the reasoning referred to, serve any other offer to allow the judgment to be corrected, the appellant can go on with

his appeal, and if he succeeds in reducing the recovery in the county court a single cent below the judgment of the justice, though that was for $200, he recovers costs in the county court, because no offer has been made, and the judgment of the latter court is " more favorable " to him " than the judgment in the court below."

But by construing such section as section 159 requires us to construe pleadings, " with a view of substantial justice between the parties," and as I think it was properly construed in *Fox* agt. *Nellis* (25 *How. Pr. Rep.* 144), so that all the paragraphs in it will harmonize, the appellant may state in his notice of appeal, as generally or as vaguely as he chooses, " in what particular or particulars he claims the judgment should have been more favorable to him," and then the respondent can make his offer, in his own terms, and to the extent he chooses, to allow the judgment to be corrected " in any " of such particulars ; and thus compel the appellant to accept such offer, or take the chances of paying costs, as he should, if the judgment of the county court be as favorable to the respondent as his offer.   The presumption always is that the judgment appealed from is correct until the contrary be established, and the greater risk of becoming liable for costs should be on the appellant, who continues the litigation.

My conclusion is, that the order of the county court denying the appellant's motion for costs should be reversed, and that such motion should be granted, and he allowed to recover costs in the county court, and the respondents denied costs in that court.   But I think it is a case in which no costs of the appellant's motion in the county court, or of his appeal to this court should be allowed to either party.   So decided.

PARKER and MASON, JJ., concurring.

NOTE.—The importance of allowing the respondent to offer to correct the judgment of the justice to the extent he may think the hazards of the litigation require, is illustrated by the following case :