Gray agt. Hannah.

---

## SUPREME COURT.

### DAVID GRAY agt. ALEXANDER HANNAH.

A *notice of appeal* from a judgment of a justice of the peace, which contains a specification of error that "the judgment should not have been for a sum exceeding $35, with costs, and the defendant therefore offers to allow such judgment to be corrected accordingly," is insufficient to carry costs to the defendant, where the plaintiff not having accepted defendant's offer or made any offer, recovers a less judgment in the county court than that recovered before the justice.

A party who seeks to throw upon his adversary the hazard of further litigation,

should take his ground, and put the opposite party upon his guard, in clear, explicit, and not doubtful language, in his notice of appeal. Should point out clearly the error he complains of, so that his adversary may know what precise part of the claim is particularly disputed and will be contested upon the appeal.

*Monroe General Term, December,* 1865.
*Before* JOHNSON, J. C. SMITH *and* E. D. SMITH, *Justices.*
APPEAL from an order of county court.

H. H. WOODWARD, *for appellant.*
J. H. McDONALD, *for respondent.*

By the court, E. DARWIN SMITH, J. The plaintiff sued the defendant in a justices' court in trespass, for damages done by the defendant's dog in killing his sheep, and recovered a verdict for $86, damages. The defendant appealed to the county court, where the cause was retried, and the defendant succeeded in reducing the plaintiff's recovery to $80, for which the plaintiff had a verdict in the county court. The defendant claimed costs upon the appeal, and the county court decided that he was entitled to recover costs, and directed that they be adjusted and applied upon the judgment. From this order the plaintiff appeals.

The question for us is whether the statute regulating costs upon appeals from justices' courts, require such a construction as shall cast upon a plaintiff who has a good cause of action, the whole costs of a litigation, because one jury differed from another in respect to the extent of his damages, to the amount of six dollars, and he has sought to save expense by suing in a justice's court, when if he had sued in this court he would have recovered full costs. The order of the county court was based upon the provision of section 371 of the Code, giving costs to the appellant, when the judgment in the county court is more favorable to the appellant than the judgment in the court below, in certain cases.

The notice of appeal in the case contains six specifications alleging error in the justice's court, four of which

Gray agt. Hannah.

relate to the merits and to the proceedings on the trial.
The fifth was " that the judgment should have been for
the defendant," and the sixth, " that the judgment should
not have been for a sum exceeding $35, with costs, and the
defendant therefore offers to allow such judgment to be
corrected accordingly." The omission of plaintiff to offer
to amend the judgment by reducing it to $35, or to make
any offer to reduce the amount of damages recovered, is
the basis of and reason for the order giving the appellant
costs of the appeal. The learned county judge is not
without considerable authority in this court for his deci
sion. The case of *Fox* agt. *Nellis* (25 *How. Pr.* 144), and
*Loomis* agt. *Higbie* (29 *How. Pr.* 232), fully, I think, sustain
the decision, and perhaps some other cases.

Section 371 of the Code, requires the party appealing
from a judgment of a justice of the peace to the county
court, to state in his notice of appeal " in what particular
or particulars, he claims the judgment should have been
more favorable to him," and provides that within fifteen
days after the service of the notice of appeal, the respond-
ent may serve upon the appellant an offer in writing, to
allow the judgment to be corrected in any of the particu-
lars mentioned in the notice of appeal, and that the appel-
lant, within five days thereafter, may accept such offer,
&c. And it is further provided, that if such offer is not
made, and the judgment in the appellate court be more
favorable to the appellant than the judgment in the court
below, then he shall recover costs.

The plaintiff in this case made no offer, and he is clearly
liable for costs, and the order of the county court clearly
right, if the appellant has imposed such duty upon him at
the peril of paying costs, if the judgment on the appeal
be, as it is, more favorable to the appellant in the county
court. The duty of the plaintiff in such case, if he would
escape such liability for costs, depends upon the question
whether the appellant has in his notice of appeal stated

any particular in which he claims that the judgment should have been more favorable to him. Of the two specifications made as above set forth, the first is clearly no such particular within any of the cases. It is simply an assertion in effect, that the entire judgment is erroneous. The second specification, " that the judgment should have been for a sum not exceeding $35, with costs," is the only specification relied on by counsel to sustain the order of the county court, and is the one upon which it was based by the county judge. I do not think this is a statement of any particular in which the judgment should have been more favorable to the appellant, within the true intent and meaning of the term, as used in section 371. The object and meaning of this section, and the evil it was intended to obviate, are well stated by Judge CAMPBELL in *Wynkoop* agt. *Hulburt* (25 *How.* 158), and by Judge DANIELS in *Forsyth* agt. *Ferguson* (27 *Id.* 67). Judge CAMPBELL says : " Judgments were entirely reversed for errors which it was manifest affected only parts of the judgment," and says, " this statute enables a party aggrieved to point out any particular which he claims is error." And Judge DANIELS well says, the appellant " must specify, separate or distinguish, in a tangible form, so that the respondent may comprehend the precise change in the judgment to which he is willing to consent. Terms of a general nature are not sufficient." I think this is a true exposition of the section.

Unless such a specification is made by the appellant, the plaintiff is not bound to make any offer. The statement in this case, that the judgment should not have exceeded $35, does not specify, point out, or distinguish any particular error. It does not show why that sum is named in preference to any other sum from one dollar up to eighty. It does not point to any element in the damages that is erroneous, or any principle adopted in estimating damages that was mistaken, and involved the error of all the judgment above $35. It does not show that any mistake of

calculation was made, any erroneous item allowed, or any one or more error of fact, or misapplication of law, or misconstruction of the evidence, led to the excess over $35. The action is trespass for destroying plaintiff's sheep. The statement does not show any error, or claim any mistake in respect to the number of sheep destroyed, any error in the valuation of the sheep, or any of them, explanatory of the excess in the judgment over $35. If the judgment had been recovered upon several items of an account or claim of any nature—as for several promissory notes, or several distinct trespasses—the specification in the notice of appeal should state which of the several claims. allowed or embraced in the judgment was, or was claimed to be erroneous. The intent of the statute is, that the appellant shall in his notice of appeal show distinctly what the error or mistake of the justice in his decision really was, in language plain and explicit. To interpret this statute so as to allow such general statements of alleged errors in judgments as in this case, to be sufficient to call upon the respondent to make an offer to amend such judgment, at the peril of costs for his omission to do so, tends, it seems to me, to defeat rather than to subserve the salutary object of the legislature in its passage.

This is well illustrated by Judge BALCOM, in *Loomis* agt. *Higbie* (*supra*), where he shows if such general statements of the particulars in which the appellant claims the judgment to be excessive, are allowed to satisfy the statute, a party against whom a judgment is recovered in a justice's court for $150, as in that case, has only to say in his notice of appeal that the judgment was for $149 too much, or that it should have been for $149 less, to cast upon the opposite party the risk of the whole litigation, unless he stipulate at once to remit all his judgment except the one dollar. In that case, the specification which was held sufficient to impose upon the plaintiff the duty to make an offer, notwithstanding its absurdity was so well exposed,

was in these words: " The judgment should have been for a less amount of damages against the defendant." It seems to me, with all due deference to Brother BALCOM, that that is not the statement of any particular in which the judgment in that case was erroneous, within any fair and just construction of this statute. It is about as general and vague a statement of error as could be made. It points to no element or ground of error in assessing damage. It shows no reason or ground for the statement that the judgment should have been for a less sum. It states no fact, refers to no item of claim or of account, going back of the judgment itself. It simply assails the whole judgment. It scarcely could have been more vague, general or uncertain, if it had simply said the judgment was wrong, and should have been for the defendant; it does not impliedly admit that plaintiff should recover any sum above nominal damages.

The case of *Fox* agt. *Nellis* (25 *How.* 144), is, I think, equally mistaken. The judgment in that case was for $159.50. The specification in the notice of appeal, which was held good, was in these words: " The judgment at most should not have been for more than $5." Upon such a notice, the plaintiff who recovered $1.30 in the county court, was held bound to pay costs to the appellant. It seems to me that this notice does not comply with the statute. It does not state any *particular* in which the judgment was erroneous. It states no reason or ground for the allegation that the judgment should be only $1. It specifies no error in making up the judgment. It points out no mistake or misconception by the justice in law or fact, leading to the pretended error of the justice of $154.50. It seems to me that the court should hold that it will not deprive a successful party of his costs upon any notice or specification of error so vague, so inexplicit, as that in either of these cases. Such an interpretation of the statute we cannot but see does great injustice. A

party who seeks to throw upon his adversary the hazard of further litigation, should take his ground, and put the opposite party upon his guard, in clear, explicit and not doubtful language, in his notice of appeal. Should point out clearly the error he complains of, so that his adversary may know what precise part of the claim is particularly disputed, and will be contested upon the appeal.

I think the order of the county judge in this case should be reversed, and the defendant's motion for costs should be denied, with $10 costs of appeal.