Reed agt. Moore.

* * *

## SUPREME COURT.

### SPENCER J. REED agt. WILLIAM E. MOORE.

On an *appeal* from a judgment in a justice's court, under section 371 of the Code, the respondent must be responsible for the *offer* he makes to allow the judgment of the justice to be corrected, without regard to the extent the appellant claims in his *notice of appeal* it should have been more favorable to him.

The respondent's right to *costs* in the county court must depend upon the fact, if his offer be not accepted, whether the judgment of that court be more favorable to the appellant than such offer ; and if more favorable to the appellant than the respondent's offer, the section is imperative that the appellant will be entitled to costs ; otherwise, he will be liable to the respondent for costs.

Consequently, the respondent is not confined in his offer to the claim of the appellant in the notice of appeal, even if that claim is *particular and specific as to the amount;* and this being so, it would be useless, and should, therefore, not be held necessary that the appellant's claim should be specific in amount.

The correct doctrine on this point is held in *Fox* agt *Nellis* (25 *How*. 144), and *Loomis* agt. *Higbie* (29 *How*. 232), that it is not incumbent upon the appellant to point out in his notice of appeal, any specific error through which the judgment has been made too large or too small, nor to fix any amount to which it should be reduced ; but that the general statement that " it is for too large a sum," or that " it should have been for a less amount of damages," is a sufficient particular to put the respondent to his offer.  (*See also to the same effect Wynkoop* agt. *Halbut*, 43 *Barb*. 266.)  (MASON, *J*. *dissenting*.)

The legislature undoubtedly intended, in the language of the court in *Fox* agt. *Nellis*, to allow " each party to become an actor for the correction of errors, at his own peril of future expense, in case of further controversy."

Reed agt. Moore.

*Broome General Term.   Argued November,* 1865.   *Decided July,* 1866.

*Present,* PARKER, MASON *and* BALCOM, *Justices.*

THE plaintiff recovered a judgment against the defendant before a justice of the peace for eighty-nine dollars damages, on the 8th day of February, 1865. The defendant appealed from the judgment to the Broome county court, and asked for a new trial in his notice of appeal, " upon the following grounds, viz : 1. That the justice erred in refusing to non-suit the plaintiff. 2. That the judgment was rendered against the law of the case. 3. That the judgment was rendered against the evidence. 4. That the judgment should have been for the defendant and not for the plaintiff. 5. That the facts proven on the trial are not sufficient to constitute a cause of action against the defendant. 6. That the judgment of the justice should have been made more favorable to the defendant in these particulars, viz : 1. That the justice allowed the plaintiff for 103 days for keeping defendant's horse, at $1.00 per day, and deducting therefrom 14 days' absence of horse, making the sum of $89, when in truth and in fact he should have allowed the plaintiff only $75, being the amount claimed in the complaint for keeping said horse for 15 weeks, at $5 per week, making a difference in the damages of $14 ; which sum of $14 this defendant claims should be deducted from the amount of said judgment, and the judgment made more favorable thereby to the defendant. 2. That the justice rendered judgment for the plaintiff for $89, when in truth and in fact he should have allowed only $78.70, making a difference of $10.30, which sum of $10.30 the defendant claims should be deducted from said judgment and made more favorable to defendant."

The respondent served a notice upon the plaintiff, and the justice consenting that the damages in said judgment might be reduced from $89 to $75, and that said judgment might be changed or altered accordingly

The appellant did not accept said offer.

The action was tried in the county court in June, 1865,

when the jury rendered a verdict in favor of the plaintiff for seventy dollars ($70).

The respontent caused his costs in the county court to be taxed, and at his request the county clerk entered a judgment on the verdict in the county court for the amount thereof ($70), with $43.48 costs, on the 12th day of June, 1865. The appellant's attorney on the same day served notice of the adjustment of the appellant's costs for the 14th day of the same month, on which day they were adjusted by the county clerk at $56.32.

The appellant then made a motion in the county court to set aside the judgment for costs entered in favor of the respondent, and for judgment in favor of the appellant for costs, and the county court (on the 4th day of September, 1865,) made an order setting aside the judgment for costs entered in favor of the respondent, and ordered that the appellants costs ($56.32) be set off against the respondent's damages of $70, and that the respondent was only entitled to a judgment against the appellant, for the residue of said damages, viz : $13.68. The order of the county court awarded costs in that court to the appellant, and denied costs in that court to the respondent. The respondent (plaintiff) appealed from the order of the county court, on the question of costs, to this court.

LEWIS SEYMOUR, *for plaintiff.*
GEORGE BARTLETT, *for defendant.*

The following opinions were delivered in this court:

BALCOM, J. The case of *Wynkoop* agt, *Halbut*, (43 *Barb.* 266), settled the question in this district, that a statement in the notice of appeal from the judgment of a justice of the peace to the county court, that the appellant claims the judgment should have been in his favor and not against him, is insufficient to compel the respondent to serve an offer to allow the judgment to be corrected or be liable for costs in the county court, if the judgment of that court be more

favorable to the appellant than the judgment of the justice. The case of *Loomis* agt. *Higbie* (29 *How. Pr. Rep.* 232), settled the question in this district, that a statement in the notice of appeal to the county court, "that the judgment should have been for a less amount of damages against the appellant," is a compliance with section 371 of the Code, so far as it requires the appellant to state in his notice in what particular or particulars he claims the judgment of the justice should have been more favorable to him. In the latter case, the judgment of the county court was $100 less than the judgment of the justice; but the repondent had not served an offer to allow the judgment of the justice to be reduced to $50, as he might have done, and he was adjudged liable for costs in the county court. This court also held, in that case, that the respondent may make his offer to allow the judgment of the justice to be corrected in any particular complained of in the notice of appeal, *in his own terms, and to the extent he may deem prudent or just.* The respondent in this case had that right. He could have served an offer to allow the judgment to be reduced to $70, although the lowest sum the appellant claimed in his notice of appeal, for which it should have been rendered, was $75. And as the respondent only recovered $70 in the county court, and he had only offered to allow the judgment of the justice to be reduced to $75, which offer was not accepted, he must pay costs in the county court; for the reason that the Code is, " if such offer be made and not accepted, and the judgment of the appellate court be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs." The judgment of the county court in the case, was more favorable to the appellant than the offer of the respondent, which was not accepted. The appellant was, therefore, entitled to costs in the county court. But it is said the respondent is entitled to costs, because he offered to allow the judgment of the justice to be reduced, all the appellant claimed in his notice of appeal, it should have been more favorable to him; and that the claim in the notice that the judgment of the justice should have been in favor of the

appellant and .not for the respondent, does not affect the question. I am of the opinion there are two conclusive reasons against this position. The first is, the respondent could have served an offer to allow the judgment of the justice to be reduced to a less sum than the appellant claimed in his notice of appeal the amount should have been; he could have offered to allow it to be reduced to $70, or to any less sum. The second is, the language of the Code is imperative, that if the offer of the respondent be not accepted and the judgment of the appellate court be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs." The alteration, made by the legislature of 1866, in section 371 of the Code, does not affect the question in this case, for the judgment of the county court was nineteen dollars less than the judgment of the justice, aside from costs. And I will add that I am satisfied, after very carefully considering the question, that the respondent must be responsible for the offer he makes to allow the judgment of the justice to be corrected, without regard to the extent the appellant claims in his notice of appeal, it should have been more favorable to him; and that the respondent's right to costs in the county court must depend upon the fact (if his offer be not accepted), whether the judgment of that court be more favorable to the appellant than such offer, and if more favorable to the appellant than the respondents offer, he will be entitled to costs, otherwise he will be liable to the respondent for costs. I am unable to see how any other construction than the one above mentioned, can be put upon section 371 of the Code, without disregarding the plain language of one paragraph in the section (*See Loomis* agt. *Higbie, supra*).

For these reasons I am of the opinion the order of the Broome county court, awarding costs to the appellant in that court should be affirmed, with $10 costs.

· PARKER, P. J. This is an appeal from an order of the Broome county court. The action was brought in a justice's court, when the plaintiff recovered a judgment for $89 damages, and $3.88 costs. The defendant appealed to the said

county court, and in his notice of appeal, after stating several grounds of error affecting the entire judgment, he states the following particulars in which the judgment should have been more favorable to him. 1st, that it should have been for only $75 damages, and that $14 should be deducted from the judgment. 2d, that it should have been for only $78.70 damages, and that $10.30 should be deducted from the judgment. Within fifteen days after the service of the notice of appeal, the plaintiff served an offer to allow the damages in the judgment to be reduced from $89 to $75; and the judgment to be corrected accordingly. The defendant did not accept the offer, and the case went to trial in the county court, which resulted in a verdict for the plaintiff for $70. The plaintiff thereupon made up his costs and entered up judgment for damages and costs, and then gave notice of a readjustment. The clerk refused to allow costs to the plaintiff, but adjusted the defendant's costs at $56.32. Whereupon the defendant moved the county court to set aside the judgment entered up by the plaintiff, and to set off the defendant's costs so adjusted, against the plaintiff's damages, and allow the plaintiff judgment only for the balance which motion was granted, and this appeal is from the order thereupon made.

The simple question raised on the appeal is, which of these parties, under section 371 of the Code, is entitled to costs.

That section provides, that the appellant, in his notice of appeal, shall state, "in what particular or particulars the judgment should have been more favorable to him." That the respondent may serve an offer "to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal," and that the appellant may file an acceptance of such offer. It then goes on to provide, that "if such offer be not made, and the judgment in the appellate court be more favorable to the appellant than the judgment in the court below; or, *if such offer be made and not accepted, and the judgment of the appellate court be more favorable to the appellant than the offer of the respondent, the appel-*

*lant shall recover costs.*" In the application of this section of
the Code to the different cases coming up under it, questions
have arisen, the decision of which has shown considerable
conflict of opinion. It has been held that by it, the appel-
lant is required to specify some error in the judgment by
which it is made too large or too small, as for example, a
mistake of calculation, or an item erroneously allowed or
disallowed, or some other error of fact or law, which has led
to the excess or deficiency in the judgment complained of:
Such is the view of the court in *Gray* agt. *Hannah*, (30 *How.*
155). Again, it has been held with a somewhat less rigid
requirement, that "to conform to this section of the statute,
it should be claimed unqualifiedly, by the appellant in his
notice of appeal, that the judgment should be reduced to
some certain amount, or corrected in some other respects,
specified in the notice, as the case may require." To this
effect are the decisions in *Forsyth* agt. *Ferguson*, (27 *How.*
67); *Barnard* agt. *Pierce*, (28 *How.* 232), and *Wallace* agt.
*Patterson*, (29 *How.* 170). These cases proceed (as they
must), upon the idea that the appellant has the advantage
and responsibility, of fixing the amount to which the judg-
ment is to be reduced or enlarged, and that the respondent
can only adopt such amount in his offer, if he makes one.

On the other hand it was held in *Fox* agt. *Nellis*, (25 *How.*
144), and in *Loomis* agt. *Higbie*, (29 *How.* 232), that it is not
incumbent upon the appellant to point out, in his notice of
appeal, any specific error through which the judgment has
been made too large or too small, nor to fix any amount to
which it should be reduced; but that the general statement
that "it is for too large a sum," or that "it should have been
for a less amount of damages," is a sufficient particular to
put the respondent to his offer; and this view is concurred
in, in *Wynkoop* agt. *Halbut*, (43 *Barb.* 266). These cases do
not give the appellant the advantage of fixing the amount to
which the judgment shall be reduced, and shut up the
respondent in his offer to such amount.

This is the view which we, in this district, have taken, in
the cases of *Loomis* agt. *Higbie*, and *Wynkoop* agt. *Halbut*,

(*supra*), and I still think such view is the only one which will give the effect, to all the provisions of the section, intended by the legislature.

If the appellant may fix the amount, and the respondent can offer only in accordance with it, the operation of the section will be, as shown in *Loomis* agt. *Higbie*, to enable the appellant to pursue the litigation through the appellate court at the entire expense of the respondent, for he has only to fix the amount so low, at six cents for example, as to require the respondent virtually to give up his judgment, or risk no offer ; or, he can compel him to sustain his judgment for the entire amount, less any trifling sum which the appellant may choose to deduct in the notice of appeal, although the respondent may see that it must be reduced beyond that sum, upon the. trial. Manifestly the legislature did not intend this, but did intend, in the language of the court in *Fox* agt. *Nellis*, to allow " each to become an actor for the correction of errors, at his own peril of future expense, in case of further controversy." In accordance with this, the appellant indicates in his notice of appeal, that he insists on a reduction of the judgment, fixing the sum or not, as he chooses. The respondent looks over his case and makes up his mind whether he can sustain his judgment for its entire amount, and if he thinks not, offers to reduce it to a sum at which he is willing to undertake to sustain it. If the appellant has been specific in his notice, and limited his claim to a particular amount, the respondent is not thereby so limited, but may offer the appellant better terms than he demands, and must do so at the still impending peril of costs ; for, though he offers the appellant precisely what, and all that, he has claimed, the appellant is not bound to accept the offer ; and if he does not, the respondent must keep his judgment, upon the trial, up to the offer or pay costs. In the language of the section, " if such offer (the only offer provided for), be made and not accepted, and the judgment of the appellate court be more favorable to the appellant *than the offer of the respondent,* the appellant shall recover costs." When we are brought to give effect to this provision, we

cannot but feel very confident that the legislature did not intend to confine the respondent, in his offer, to the precise claim made by the appellant, else it would not have made him liable for costs, if the offer turned out to be a less favorable one than the appellant, as shown by the result, was entitled to. They must have intended, in view of this liability thus imposed upon him, to give him the opportunity to judge for himself in regard to the amount of his offer, and to determine whether the appellant has required of him too much or too little, more or less, than upon the new trial he can show should be allowed.

From this view of the whole section, I conclude that the respondent is not confined in his offer to the claim of the appellant, even if that is specific as to amount; and this being so, that it would be useless, and should, therefore, not be held necessary that the claim should be specific in amount.

In regard to the question before us, it follows from the conclusion above stated, that inasmuch as the offer of the plaintiff was not accepted, and the judgment was upon the trial made more favorable to the appellant than the offer, the appellant was entitled to recover costs.

The motion was, therefore, correctly decided by the county court, and its order should be affirmed, with costs.

So decided.