PHILIP GARLING, APPELLANT, *v.* CHARLES W. LADD, RESPONDENT.

*Costs of an appeal — when to be allowed under the Code of Civil Procedure, though the appeal was taken before it took effect.*

The costs of an appeal taken from a Justices' Court before, but heard and decided in the County Court after, the Code of Civil Procedure took effect, must be allowed and taxed under section 3070 of the Code of Civil Procedure, and not under section 371 of the old Code.

Costs in the end will be granted or refused in accordance with the law existing when the party has the right to costs.

APPEAL from an order of the Albany County Court, denying a motion to set aside the taxation of the costs herein.

*J. D. Hallen*, for the appellant.

*George R. Donnan*, for the respondent.

BOARDMAN, J. :

Are the costs of appeal from a Justices' Court to the County Court, when a new trial is had, to be now governed by section 371 of the old Code, or section 3070 of the Code of Civil Procedure ? The notice of appeal to the County Court specified as error "that the justice erred in not rendering judgment in favor of the defendant." No offer was made by respondent to correct the judgment in that respect. Afterwards the Code of Civil Procedure was enacted, by which the rights to costs were put upon a different basis. The case was retried in the County Court, and the plaintiff's (respondent's) damages were reduced from $160 to $100. Costs were taxed for defendant. Such taxation was sustained by the County Court, and the plaintiff appeals to this court.

If the costs were properly regulated by section 3070 of the new Code, the defendant was entitled to recover them. The plaintiff contends that his rights as to costs were fixed in 1876, when the appeal was taken from the justice's judgment; that as the defendant's notice of appeal made no specific offer for reduction claimed, the plaintiff was not called upon to offer to correct; that saying the judgment should have been for defendant was not a statement of the particulars in which the judgment should be more favorable to him, and, as a consequence, he, the plaintiff, was entitled to costs if he recovered any sum in the County Court. This position is sustained by *Wyncoop* v. *Halbut* (43 Barb., 266), and some other old cases. Two late decisions in the Second Department take the opposite view. (*Doron* v. *McLoughlin*, 14 Hun, 628, and *Chamberlain* v. *Chamberlain*, 25 Hun, 199.) I think the reasoning is in favor of the older cases.

But the plaintiff's position is that he acquired *rights as to costs* after the appeal was taken in 1876, which the legislature could not take away, or which were preserved by virtue of Code of Civil Procedure (§§ 3349, 3352, 3347). The legislature may take away all costs, or increase or diminish the same, during the pendency of the action. The conditions upon which the right to costs may depend may be removed or created at its will. Costs in the end will be granted or refused in accordance with the law when the party has the right to costs. (*Supervisors of Onondaga* v. *Briggs*, 3 Den., 173 ; *Ackley* v. *Tarbox*, 19 Abb., 119.) There can be no vested right to costs

*pendente lite.* (*Rich* v. *Husson*, 1 Duer, 617.) The legislature had the right to change the law as to costs to the prejudice of the plaintiff. It has done so by section 3070, unless by the other sections referred to the effect of section 3070 is qualified and limited to actions thereafter commenced. The sections above referred to do not touch or refer to the rule of costs that shall be applicable when the case is finally disposed of. Section 3352 preserves and protects proceedings already taken, acts done, rights, defenses or limitations lawfully accrued or established prior to the taking effect of the Code of Civil Procedure. This does not aid the plaintiff, as costs are not included or provided for. The costs in the case before us must be taxed and allowed under the new Code, the same as costs are allowed in other cases decided since it took effect.

This conclusion leads to the affirmance of the order of the County Court.

LEARNED, P. J., and LANDON, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.